UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYRONE COOKSEY,

                Plaintiff,                Case No.  03-74789

v.                                    District Judge Paul D. Borman
                                    Magistrate Judge R. Steven Whalen

SCOTT RECHTIGAL, JONATHAN
MUNSON, PATRICK McLAUGHLIN,
HARLEM ROBINSON and TIM KANE,
jointly and severally,

                Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR
COSTS AND MEDIATION SANCTIONS**

Before the Court is Defendants' Motion for Taxation of Costs and Mediation Sanctions Pursuant to MCR 2.403 [Docket #63].

## I.   FACTS

This is a civil rights action brought pursuant to 42 U.S.C. §1983.  On November 19, 2004, the parties stipulated to refer the matter for mediation before a case evaluation tribunal, and the Court entered an order to that effect, referring the case to Wayne County Case Evaluation for hearing.  The evaluation award was $30,000.00 against all Defendants; both parties rejected this evaluation.

On the first day scheduled for trial, before a jury was to be selected, the parties agreed

to a $30,000.00 settlement, subject to approval by the Inkster, Michigan City Council.

However, the Inkster City Counsel rejected the proposed settlement.  The case proceeded to

trial on January 24, 2006, and on January 26, 2006, the jury found no cause of action.

Accordingly, the Court entered judgment in favor of all Defendants on January 31, 2006.

On February 28, 2006, Defendants filed the present Motion, based exclusively on

remedies provided by MCR 2.403.

## II.   ANALYSIS

MCR 2.403(O)(1), on which Defendants rely, provides as follows:

"(1) If a party has rejected an evaluation and the action proceeds to verdict,
that party must pay the opposing party's actual costs unless the verdict is more
favorable to the rejecting party than the case evaluation.  However, if the
opposing party has also rejected the evaluation, a party is entitled to costs only
if the verdict is more favorable to that party than the case evaluation."

Under MCR 2.403(O)(6)(b), a reasonable attorney's fee is a recoverable cost.

However, Michigan procedural rules governing mediation sanctions are not

automatically applicable in a federal case that is referred for case evaluation.  Rather, the

parties must stipulate that such rules apply.  In this regard, E.D. Mich. L.R. 16.3(c)(2)

provides:

"(2) The parties *may* stipulate to procedural rules for mediation.  The
stipulation may include, by way of illustration, binding mediation, special
mediation, binding special mediation, *and the award of attorney fees as a
sanction.*"  (Emphasis added).

In *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636-37 (6th Cir. 2000), the

Court noted that L.R. 16.3(c)(2) "is permissive, allowing parties to stipulate to the specific tools of mediation, such as the use of sanctions...."  In *Mencer*, the parties explicitly agreed in writing to be bound by state mediation rules, including "sanctions relating to costs and attorneys fees." *Id.*  Hence, in awarding such sanctions, "[t]he trial court was...authorized by the consent of the parties." *Id.*

Unlike the situation in *Mencer*, neither the stipulation nor the order entered in this case on November 19, 2004 provides for mediation sanctions or attorney fees.[1]

Therefore, whether or not MCR 2.403 mandates sanctions for rejection of a mediation award is beside the point, because that Court Rule is not applicable to this case.[2]

The only other basis for Defendants' request for attorney fees–one not raised in their motion–would be 42 U.S.C. §1988(b), which gives the district courts discretion to award

---

[1] The stipulation itself reads, in its entirety:

"IT IS HEREBY STIPULATED and agreed, by and between the parties hereto, through their respective counsel whose signatures appear below that:
This matter be referred to case evaluation for hearing on January 28, 2005 with the time to be set by the case evaluation tribunal."

The November 19, 2004 order reads:

"IT IS HEREBY ORDERED that this matter be referred to Wayne County Case Evaluation for hearing on January 28, 2005, with the time to be set by the case evaluation tribunal."

[2] As an aside, there is some degree of irony in Defendants' request for sanctions, given that on the first day of trial, the Plaintiff agreed to accept $30,000 to settle the case, yet it was the City of Inkster that rejected that proposal.

-3-

attorney fees to prevailing parties in cases brought under 42 U.S.C. §1983. A motion for fees under §1988 must be brought within the terms of Fed.R.Civ.P. 54(d)(2). As an initial matter, even if Defendants' motion were construed as being brought under § 1988, Rule 54(d)(2)(B) sets forth a time limit of 14 days from the entry of judgment for bringing such motion. The present motion was filed well beyond that limit.

Furthermore, even if a § 1988 motion had been timely filed, this Court would, in its discretion, deny it. "[An] award of legal fees is appropriate in a civil rights action only in extraordinary circumstances...." *Goldstein v. Costco Wholesale Corp.*, 337 F.Supp.2d 771, 774 (ED Virginia 2004). Generally, a court has discretion to award such fees where the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). A defendant's fee petitions in a §1983 case must be carefully scrutinized in order "to strike a careful balance between not chilling civil rights claims and protecting the judicial process from abuse." *Goldstein*, 337 F.Supp.2d at 774, quoting *Blue v. United States Dept. of the Army*, 914 F.2d 525, 535 (4th Cir. 1990).

In this case, the Court had the same opportunity as the jury to hear the trial testimony and view the exhibits. While the jury found in favor of the Defendants, the Plaintiff's case can in no way be characterized as "frivolous, unreasonable, or without foundation," and the verdict could well have gone the other way. Indeed, the Court denied a Rule 50 motion for judgment as a matter of law as to Defendant Rechtigal. To grant attorney fees in this case and in cases like this would impermissibly have a chilling effect on future civil rights claims.

-4-

## IV.   CONCLUSION

For these reasons, Defendants' Motion for Taxation of Costs and Mediation Sanctions

[Docket #63] is DENIED.

SO ORDERED.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 29, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 29, 2006.


S/Gina Wilson
Judicial Assistant